274 So.2d 881 (1973)
STATE of Florida ex rel. David KENNEDY and Frank Cobo, Relators,
v.
Thomas E. LEE, Chief Judge, Eleventh Judicial Circuit, et al., Respondents.
No. 43470.
Supreme Court of Florida.
March 13, 1973.
Angus M. Stephens, Jr., of Stephens & McMillen, Miami, for relators.
Robert L. Shevin, Atty. Gen., and Barry Scott Richard, Deputy Atty. Gen., for respondents.
PER CURIAM.
Suggestion for a Rule Nisi in Prohibition has been filed in this Court by Relators praying that Respondents be restrained from (a) disclosing all intercepted wire and oral communications obtained as a result of orders authorizing same in Case Nos. (72-1-MPD), 72-2; 72-3, by Justice James C. Adkins of the Supreme Court of Florida; (b) investigating any alleged wrongdoing arising from any information uncovered or disclosed by intercepted wire and oral communications ordered by Justice Adkins, and (c) using any and all evidence uncovered or disclosed by intercepted wire and oral communications subsequently obtained or uncovered by said intercepted communications.
The grounds on which Relators rely for issuance of the Rule Nisi are that neither Justice Adkins nor any other member of this Court had authority under the State Constitution, F.S.A., (particularly Article V, Section 1, Section 2, Section 3 and Section 4(2)), or Section 4(2), or under Florida Statutes Section 934.02 and 934.09(1), (2), (3), and Chapter 25, Florida Statutes, F.S.A., to authorize the interception of said oral or wire communications; that the Supreme Court of Florida is a court of limited jurisdiction having powers of organic law only as appears in Article V, Section 4 of the State Constitution, and not as provided *882 by law; finally, that in contrast the District Court of Appeal under Article V, Section 5(3), State Constitution, shall have certain powers as provided by law. Relators therefore maintain neither a Justice hereof nor this Court has statutory authority to issue an interception order.
The foregoing considered, we decline to issue the Rule Nisi because we find nothing in Article V of the Florida Constitution (either before or after the recent revision) which would preclude any Justice of this Court from issuing an interception order pursuant to statutory authority. Our Constitution is a limitation upon power, not a grant of power, and accordingly the Legislature is fully empowered to authorize activities by judicial officers not inconsistent with the limitations imposed by the Constitution. Moreover, the limitations on jurisdiction permitted to this Court are not restrictive of the capacity of a Justice to act as a judicial officer of the State. We note also that Section 25 of Article V (as well as Section 19 of revised Article V) provides that all judicial officers, including Justices of this Court, shall be conservators of the peace; as such, they are vested, among other things, with the power and authority given to committing magistrates. See 1962 Op.Atty.Gen. 062-10. The duties and responsibilities of a committing magistrate are certainly akin to the duties and responsibilities of judicial officers authorized to permit interception of communications under Florida Statutes, Chapter 934, F.S.A. See United States v. Lanza, 341 F. Supp. 405 (M.D.Fla. 1972).
Although we decline to issue the Rule, the orders under question remain subject to review as to their appropriateness, including the question of probable cause, in the normal course of events in the forum below.
The suggestion for Writ of Prohibition is denied.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.
ROBERTS, J., concurs specially with opinion.
ROBERTS, Justice (concurring specially).
I concur in the majority opinion and judgment but with some reservations. The right of two citizens to have a confidential conversation is one of our most precious rights and any invasion of which should be done with great caution and under extreme circumstances in the interest of the public welfare. Two telephones connected by wire do no more than extend the voice of the persons; ("tele" meaning distance and "phono" meaning sound; thus "telephone" relates to sound at a distance). In the exercise of the State's police power, legal machinery for so doing has been provided in both the Constitution and statute law of Florida. In Olmstead v. United States, 277 U.S. 438, page 470, 48 S.Ct. 564, at page 575, 72 L.Ed. 729, the revered late Mr. Justice Holmes of the United States Supreme Court in a dissenting opinion referred to wire tapping as a "dirty business". Also Mr. Justice Holmes said,
"Applying to the Fourth and Fifth Amendments the established rule of construction, the defendants' objections to the evidence obtained by wire tapping must, in my opinion, be sustained. It is, of course, immaterial where the physical connection with the telephone wires leading into the defendants' premises was made. And it is also immaterial that the intrusion was in aid of law enforcement. Experience should teach us to be most on our guard to protect liberty when the government's purposes are beneficent. Men born to freedom are naturally alert to repel invasion of their liberty by evil-minded rulers. The greatest dangers to liberty lurk in insidious encroachment by men of zeal, well-meaning but without understanding." supra, pp. 572. 573.
*883 Interestingly, his dissenting opinion later became the law in Alderman v. United States, 394 U.S. 961 at page 193, 89 S.Ct. 961 at page 977, 22 L.Ed.2d 176 in holding,
"In the field of conversational privacy, the Fourth Amendment protects persons, not places."
Florida thus far has little case law on the subject of probable cause as required by the Fourth Amendment to the Constitution of the United States and until such is forthcoming, in addition to the rigid requirement of Florida Statute, 934.09, F.S.A., I would borrow the case law relating to probable cause for the search of a home.
Finally as to the question sub judice under Section 25, Article V, Florida Constitution 1885 as amended and Section 19, Article V, Florida Constitution, January 1, 1973, a Justice of the Supreme Court of Florida is a Conservator of the Peace and that is sufficient base to support the Legislation here involved.
CARLTON, C.J., and ERVIN, BOYD, McCAIN and DEKLE, JJ., concur.